J-A03034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.C., JR., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: BERKS COUNTY CHILDREN AND YOUTH SERVICES | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1372 MDA 2019 |

Appeal from the Dispositional Order Entered July 19, 2019
In the Court of Common Pleas of Berks County Juvenile Division at
No(s):  CP-06-DP-0000123-2019

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JANUARY 07, 2020**

Appellant, Berks County Children and Youth Services ("CYS"), appeals from the July 19, 2019 Dispositional Order entered in the Berks County Court of Common Pleas that returned legal custody of J.C., Jr. ("Child") to Child's legal father, J.C. ("Father").[1]  Upon careful review, we dismiss this appeal as moot.

A detailed recitation of the factual and procedural history is unnecessary to our review.  Briefly, S.L. ("Mother") and Father are parents to Child, who was born in February 2019.  On June 10, 2019, after receiving a report that Father left Child unsupervised with Mother, in violation of the conditions of Mother's bail from a domestic violence incident between the parents, the trial court committed Child to CYS.  On June 19, 2019, the trial court adjudicated

_____

[1] Father is not Child's biological father.

Child dependent and vacated the Order committing Child to CYS, thus returning the Child to Father. The court also ordered that Mother shall have only supervised contact with Child as approved by CYS. On July 15, 2019, the court again committed Child to CYS after receiving a report that Father allowed Mother to have unsupervised contact with Child. On July 17, 2019, however, after a dispositional hearing, the trial court, once again vacated the Order committing Child to CYS and returned Child to Father.

CYS timely appealed the court's Order that returned Child to Father.[2] Both CYS and the trial court complied with Pa.R.A.P. 1925(b).

On November 8, 2019, CYS notified this Court that the trial court had issued a new Order that, *inter alia*, committed Child to CYS.[3] Because the basis of this appeal is CYS' contention that the trial court erred in returning Child to Father, and the trial court subsequently vacated that Order and committed Child to CYS, there is no continuing case or controversy. This appeal is, thus, technically moot. **See In re J.A.**, 107 A.3d 799, 811 (Pa. Super. 2015).

"An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." **Id.** (quoting **In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*). "As a general rule, an

---

[2] In its Brief, CYS alleges that the trial court abused its discretion when it returned Father to Child despite Father violating a court order and argues that Father's past conduct is prognostic evidence that he cannot ensure Child's safety. CYS' Br. at 4.

[3] CYS' Application for Judicial Notice is granted.

actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature." **Id.** (quoting **In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*)). "Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition **and** apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." **In re M.B.**, 101 A.3d 124, 127 (Pa. Super. Ct. 2014) (citation omitted) (emphasis modified).

CYS argues that this appeal is not moot because it presents questions that are capable of repetition and apt to elude appellate review. CYS' Br. at 17. We disagree.

We acknowledge that dependency proceedings are constantly evolving and changing. Here, the issues presented regarding Father are capable of repetition, but they are not apt to evade appellate review. If Child is returned to Father's care in the future, and CYS is unsatisfied with the disposition, CYS may appeal the decision at that time. **In re H.S.W.C.-B**, 836 A.2d 908, 911 (Pa. 2003) (holding that an order granting or denying a status change in a dependency proceeding is deemed final, and therefore, appealable).

Furthermore, this case does not provide a question of great public importance, nor will any party suffer detriment if this Court dismisses the appeal as moot. *See M.B.*, 101 A.3d at 127.

Because none of the exceptions to the mootness doctrine apply, the issues CYS presented in this case concerning the July 17, 2019 Dispositional Order that returned Child to Father are rendered moot by the October 23, 2019 Dispositional Order committing Child to CYS again.

Appeal dismissed as moot. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/07/2020

- 4 -